Merrimack,
No. 5439.

LILLIAN M. KUROWSKI

*v.*

NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY &a.

Argued February 1, 1966.
Decided April 29, 1966.

*Eugene S. Daniell, Jr.* and *Alexander M. Lachiatto* ( *Mr. Lachiatto* orally ), for the plaintiff.

*James M. Riley, Jr.* and *Edward F. Smith* ( *Mr. Riley* orally ), for the defendant Department of Employment Security.

*Ralph H. Wood* and *Russell A. Winslow* ( *Mr. Winslow* orally ), for the defendant Public Service Company of New Hampshire.

LAMPRON, J. The claimant became employed by the Public Service Company of New Hampshire on June 8, 1959 and remained in its employ through August 22, 1964. She was married in November 1961 and informed the company in March 1964 that she expected a child about September 15. She was informed that she could continue to work as long as she wished, but that when she decided to stop working the company would not grant her a leave of absence. This employer did not give leaves of absence for maternity purposes either at the time plaintiff was hired or at any time during the period of her employment. In accordance with a prior notice to the company, plaintiff left her position on August 22, 1964 for the sole reason that she was more than eight months pregnant.

After giving birth to a child on September 14, 1964, the plaintiff filed an initial claim for compensation on November 18, 1964 and for a number of weeks thereafter. She was denied compensation benefits by a certifying officer under RSA 282: 4A and regulation 21 promulgated by the Commissioner. This decision was upheld by an appeal tribunal and plaintiff appealed to the Superior Court.

RSA 282:4A ( now 4A ( 1 )) provides that an individual shall be disqualified for benefits if he "has left his work voluntarily without good cause in accordance with rules and regulations of the director" ( now "commissioner" RSA 282:4A ( 1 )). Regulation 21 reads as follows: "Voluntary Quit without Good Cause.

An individual shall be considered to have left his work voluntarily without good cause if of his own choice or volition he terminates the employee-employer relationship for a reason which is not attributable to the employer." This regulation is an integral part of the statute and restricts its scope. *Putnam* v. *Dept. of Employment Security,* 103 N. H. 495, 497; *Howley* v. *State,* ( decided this day ), 107 N. H. 180.

Plaintiff maintains that regulation 21 is contrary to the spirit of our Unemployment Compensation law ( RSA ch. 282 ) if it is interpreted to classify as a voluntary quit without good cause the fact that plaintiff, who was refused a leave of absence, left her employment because she was eight months pregnant.

The right to unemployment compensation is entirely statutory and consequently benefits are to be allowed or denied in accordance with the provisions of the statute creating such right. Regulation 21 which is made an integral part of the disqualification for benefits for leaving the employment "voluntarily without good cause" ( RSA 282:4A ) has been in effect since 1945. It has been used frequently by the department in denying benefits under that section. *Nashua Corp.* v. *Brown,* 99 N. H. 205, 207. Both RSA 282:4A and regulation 21 have remained unchanged for many years.

This court has held that even though the particular circumstances under which a termination of employment occurred might have been considered a good personal cause for leaving, they did not constitute a reason which is attributable to the employer under regulation 21 and were a leaving of work "voluntarily without good cause" under RSA 282:4A. *Nashua Corp.* v. *Brown,* 99 N. H. 205; *Putnam* v. *Dept. of Employment Security,* 103 N. H. 495; *Howley* v. *State* ( decided this day ), 107 N. H. 180. We hold this case to be in that category.

There is no specific provision in the statute compelling an employer to grant a leave of absence to an employee because of pregnancy. Nor can RSA 282:4 J ( supp ), providing that a woman shall be disqualified for benefits for a certain period before and after childbirth be interpreted, as argued by the plaintiff, as intended to benefit the claimant in this case. When read as an integral part of the statute it is evident that this section is intended to deny benefits to a previously unemployed and

otherwise qualified female who would continue to be eligible for benefits but for this provision.

The plaintiff on the agreed facts has not established that she did not leave her work voluntarily without good cause and is therefore disqualified to receive benefits by RSA 282:4 A and regulation 21 promulgated by the Commissioner thereunder. The answer to the transferred question is "no."

*Remanded.*

All concurred.